FILED-CLERK
U.S. DISTRICT COURT
02 FEB -7 PM 3: 11
TX EASTERN-BEAUMONT
BY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| (1) UNITED STATES OF AMERICA § <br> *Ex rel.* John Mayo M. D. § <br> § <br> Plaintiffs, § <br> § <br> VS. § <br> § <br> (1) Lance Craig, M.D., § <br> (2) Kirk Williams, M.D., § <br> (3) Iasis Healthcare Holdings, Inc., § <br> d/b/a Park Place Medical Center, and § <br> (4) Iasis Healthcare Holdings, Inc. § <br> d/b/a Mid-Jefferson County Hospital, Inc. § <br> § <br> Defendants. § | C.A. NO. 1:02CV0068 <br> Jury Demanded <br><br> Qui tam Complaint pursuant <br> to 31 U.S.C. §§ 3729-3732 <br> Equitable Relief and Money Damages |

unsealed 2-21-03
~~FILED UNDER SEAL~~

## PLAINTIFFS' ORIGINAL COMPLAINT PURSUANT TO
## 31 U.S.C. §§ 3729-3732, FEDERAL FALSE CLAIMS ACT

Comes now the United States of America, by and through *qui tam* Relator, John Mayo M. D., who brings this action under 31 U.S.C. §§ 3729-3732 to recovery all damages, penalties and other remedies established by the False Claims Act on behalf of the United States and himself and would show the following:

### PARTIES

1. John Mayo M. D, "Relator/Plaintiff", brings this *qui tam* claim as Relator on behalf of the United States of America ("United States"), and individually.

2. Lance Craig M.D. ("Defendant") is an individual who has done and is doing business in the Eastern District of Texas. Defendant may be served at his residence.

2

3. Kirk Williams M.D. ("Defendant") is an individual who has done and is doing business in the Eastern District of Texas. Defendant may be served at his residence.

4. Iasis Healthcare Holdings, Inc. ("Defendant") is a corporation incorporated in the State of Tennessee and doing business in the Eastern District of Texas, using the name of Park Place Medical Center (located in Port Arthur, Texas) and Mid-Jefferson County Hospital, Inc. (located in Nederland, Texas. Defendant may be served by serving it at 113 Seaboard Lane, Suite 200A, Franklin, Tennessee 37067-8299.

## JURISDICTION AND VENUE

Jurisdiction and venue are proper in this Court for the following reasons:

A. Jurisdiction for this Court exists pursuant to the False Claims Act (31 U.S.C. § 3730(b)(1) and 31 U.S.C. § 3732(a)) because Relator's claims seek remedies on behalf of the United States for Defendants multiple violations of 31 U.S.C. § 3729 some of which occurred in the Eastern District of Texas, and because the Defendant transacts other business within the Eastern District of Texas.

B. Venue exists in the United States District Court for the Eastern District of Texas pursuant to 31 U.S.C. § 3730(b)(1) because Defendant is qualified to do business in the State of Texas and conducts business within the State of Texas and within the Eastern District.

## FACTUAL BACKGROUND

## FALSE CLAIMS ACT

4. This is an action to recover damages and civil penalties on behalf of the United States and arising from the false statements and claims made by Defendant in violation of the Federal False Claims Act, 31 U.S.C. §§ 3729-3732

3

5. The False Claims Act provides that any person who knowingly submits or causes to be submitted to the United States for payment or approval a false or fraudulent claim is liable to the government for a civil penalty of not less than $5000 and not more than $10,000 for each such claim, plus three (3) times the amount of damages sustained by the government because of the false claim.

6. The Act allows any persons having knowledge of a false or fraudulent claim against the government to bring an action in Federal District Court for himself and for the United States government and to share in any recovery as authorized by 31 U.S.C. § 3730. John Mayo M.D. claims entitlement to a portion of any recovery obtained by the United States as *qui tam* Relator/Plaintiff in this action.

7. Based on these provisions, on behalf of the United States government seeks through this action to recover damages and civil penalties arising from the Defendant's submission of false claims for payment or approval. The emergency room services at Park Place Hospital and Mid-Jefferson County Hospital in Jefferson County, Texas, were contracted to a Golden Triangle Emergency Associates, Inc. This company was owned, controlled and directed by the defendants Dr. Lance Craig M.D. and Dr. Kirk Williams M.D. who submitted billings on behalf of themselves and on behalf of other physicians working with the group, including but not limited to Dr. Tom Kerjorien, Dr. Michael Crossley, Dr. Donny Evans, as well as others. Under the guidance and supervision of Dr. Lance Craig and Dr. Kirk Williams, many of these physicians submitted false and/or fraudulent claims to Medicare. The Hospitals did the billing for the emergency group and the group was guaranteed at least 80% of the gross billing. Of all of the physicians within the group, Dr. Kirk Williams was the greatest offender was Dr. Kirk Williams, co-owner of the emergency group. Dr. Williams almost always charged a level 5, even when the level of care provided and reasonably

4

necessary was not properly or responsibly at that level. At one point someone at Park Place Medical Center became so concerned with the high level of charges, that they retained a consulting group in 1997, who informed the emergency group, and specifically Dr. Lance Craig and Dr. Kirk Williams that the group was in violation of Medicare rules and the law by their upcodeing. The same hospital acquired the services of a consultant to hold classes on the levels of care that could be charged for the level of seriousness of particular illnesses and the documentation that was required. Despite this effort, there was no change in the billing practices of either Dr. Lance Craig or Dr. Kirk Williams. Dr. Kirk Williams, the co-owner of the emergency group, stated on several occasions " *no one was going to tell him what he could charge*". Dr. John Mayo, a distinguished local emergency room physician had occasion to work in the emergency departments of both Park Place Medical Center and Mid-Jefferson County Hospital from April 2000 through August of 2000. During that time he had numerous occasions to review previous patient records. It was clear to him from even a cursory review that there was little justification in the charts for Medicare coding level 5. In fact most of what he saw justified no more than a level 2. This resulted in massive overcharging of Medicare. Despite this clear pattern of fraud and false claims, defendant Iasis Healthcare Holdings, Inc., itself and through its wholly controlled entities, Park Place Medical Center and Mid-Jefferson County Hospital, continued to approve, and/or submit billings which they knew or should have known to be false and/or fraudulent.

8.  As required under the False Claims Act *qui tam* Relator/Plaintiff has provided the Attorney General of the United States and the United States Attorney for the Eastern District of Texas a statement of all material evidence and information related to this complaint.

5

## CAUSES OF ACTION

A.  **Count I - False Claims (31 U.S.C. § 3729).**

   9.  *Qui tam* Relator/Plaintiff realleges and hereby incorporates by reference each and every allegation contained in paragraphs 4 through 8 of this complaint.

   10.  Based on the acts described above, Defendant knowingly violated one or more of the following:

   (a)  knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;

   (b)  knowingly makes, uses, or causes to be or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;

   (c)  conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;

   (d)  knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government.

   11.  The United States Government unaware of the falsity of these claims, records, and/or statements made by the Defendants and in reliance on the accuracy thereof, paid the Defendants for the claims.

   12.  Because of the Defendants false and/or fraudulent conduct, the United States Government paid more for the services provided than was proper had the proper codes been entered

accurately reflected the severity of the injuries and/or illnesses and the level of service in fact called for and/or provided.

13. Due to the Defendant's conduct, the United States Government has suffered substantial monetary damages.

## RELIEF

14. On behalf of the United States Government, the Relator/Plaintiff seeks to receive monetary damages equal to three times that suffered by the United States Government. In addition, the Plaintiff seeks to receive all civil penalties on behalf of the United States Government in accordance with the False Claims Act.

15. The *qui tam* Relator/Plaintiff seeks to be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(b) of the False Claims Act.

16. The *qui tam* Relator/Plaintiff seeks to be awarded all costs and expenses for this action, including attorneys' fees and court costs.

18. Pre-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, Plaintiff prays that this Court enter judgment on behalf of the Plaintiffs and against the Defendant for the following:

    a.    Damages in the amount of three (3) times the actual damages suffered by the United States Government as a result of the Defendant's conduct;

7

b. Civil penalties against the Defendant equal to $10,000 for each violation of 31 U.S.C. 3729;

c. *Qui tam* Relator/Plaintiff be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(b);

d. *Qui tam* Relator/Plaintiff be awarded all costs and expenses of this litigation, including attorneys' fees and costs of court;

e. Pre-judgment interest at the highest rate allowed by law;

f. All other relief on behalf of the Relator/Plaintiff or the United States Government to which they may be entitled and that the Court deems just and proper.

Respectfully submitted,

THE DODD LAW FIRM

By: _____

Olen Kenneth Dodd
State Bar No. 05931685
P.O. Box 3504
Beaumont, Texas 77704
909 Laurel
Beaumont, Texas 77701
(409) 832-2589 - Telephone
(409) 832-2156 - Facsimile

**ATTORNEYS FOR RELATOR/PLAINTIFFS**